UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL E. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:05-cv-163-SEB-WGH |
| vs. | ) | |
| | ) | |
| FLAMBEAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION FOR EXTENSION OF TIME
### TO FILE NOTICE OF APPEAL

Plaintiff/Appellant, Michael E. Hawkins, by counsel, pursuant to Rule 4(a)(5), F.R.App.P., seeks an extension of time of one day to file his notice of appeal, citing as the reason for the delay that Hawkins's decision to appeal was made belatedly and communicated to counsel just prior to the July 4th holiday and because counsel was on vacation the day after the holiday as well, he mistakenly assumed he had until July 6, 2007, to file the notice of appeal, when in fact the due date was actually July 5, 2007. No other reason for the delay has been cited. Defendant/Appellee objects to the granting of the motion.

Rule 4(a)(5)(A)(ii) of the Federal Rules of Appellate Procedure permits a district court to extend the time for the filing of a notice of appeal up to 30 days after the entry of judgment upon a showing of good cause or excusable neglect. Summary Judgment in the case at bar was entered on June 5, 2007. We repeat: Plaintiff's notice of appeal was filed on July 6, 2007.

At first blush, a one-day delay admittedly seems to be of little consequence in the larger scope of things. Given that the standard for determining whether the cited neglect was indeed

1

excusable is an equitable one, requiring this court to take into consideration all the surrounding, relevant circumstances, a ruling that recognizes the "no harm, no foul" principle might seem to be the right response to a request for a one day extension of time.

However, the 7th Circuit Court of Appeals, in Marquez v. Mineta, 424 F.3d 539 (7th Cir 2006), recently addressed a virtually identical situation to that presented here and reversed the district court order granting a motion for a one day extension of time to file a notice of appeal for lack of any showing of excusable neglect. Citing its prior holding in Alvarez-Martinez, 286 F. 3d 470, 473 (7th Cir. 2002), the appellate court held that "simple miscalculation is not excusable neglect." Marquez, supra, at 541.

We are bound by this precedent in the premises and accordingly DENY the motion for extension of time to file notice of appeal.

IT IS SO ORDERED.

Date: 07/26/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Stuart E. Alexander III
TILFORD DOBBINS ALEXANDER BUCKAWAY & BLACK LLP
401 West Main Street
Suite 1400
Louisville, KY 40202

Josephine K. Benkers
QUARLES & BRADY LLP
jbenkers@quarles.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Robert A. Donald III
TILFORD DOBBINS ALEXANDER BUCKAWAY & BLACK
bdonald@tilfordlaw.com

Joshua B. Fleming
LOCKE REYNOLDS LLP
jfleming@locke.com

Andrew M. Norman
QUARLES & BRADY LLP
anorman@quarles.com

Anthony A. Tomaselli
QUARLES & BRADY LLP
aat@quarles.com

William J. Walsh
TILFORD DOBBINS ALEXANDER BUCKAWAY & BLACK
wwalsh@tilfordlaw.com